UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA, | No. 2:19-cv-0038-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| JERRY BROWN, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff Liudmyla Iegorova, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d

1

1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Plaintiff's complaint here alleges that defendant Jerry Brown, the former governor of California, committed crimes against plaintiff's health, life, and personal property under 18 U.S.C. § 371. According to plaintiff, Mr. Brown failed to pay her in-home support services since 2015, and also stole her personal property in 2003, 2008, 2009, and 2018, all in violation of federal law, California law, and various United Nations conventions. Plaintiff further suggests that defendant committed the crimes to receive cash income in Great Britain since 1971. Plaintiff demands nine trillion dollars in damages. (See generally ECF No. 1.)

As an initial matter, plaintiff, as a private citizen, has no standing to prosecute any alleged crimes. Moreover, even if plaintiff's claims could be construed as civil claims, the court finds that plaintiff's allegations are implausible, frivolous, devoid of merit, and unsubstantial. Therefore, the court concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.

Although the court, consistent with the Federal Rules of Civil Procedure and applicable case law, ordinarily liberally grants leave to amend, especially to *pro se* litigants, the nature of plaintiff's complaint here strongly suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Moreover, the court notes that plaintiff has already filed numerous frivolous actions in this district, including against former president Obama, Target Corporation, Chase Bank, the Intercontinental Hotel Group, President Trump, the Social Security Administration, the State Department, the Department of Housing and

Urban Development, and various apartment complexes. Such prior frivolous actions further counsel against granting leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.
2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: January 9, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE